IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV457-1-MU

| | | |
|---|---|---|
| GEORGE FARLOW, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| JAMES T. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed September 12, 2008.

In his Complaint, Plaintiff alleges that Defendant Smith and Anderson violated his constitutional rights by "deliberate indifference by forced labor, retaliation and invigious (sic) governmental discrimination against Americans with Disabilities Act and Fraud." More specifically, Plaintiff alleges that in contravention of specific medical restrictions he was required to work at Broughton Laundry. In addition, Plaintiff alleges that he was told that if he performed certain tasks around the unit he would receive merit time but that this promise was broken. Plaintiff also alleges that Anderson failed to get him his Inmate Trust Fund Account. Plaintiff seeks "7 million in normal damages, 7 million in punitive damages, and 1 million compensatory damages against both defendants, each."

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the

PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

The North Carolina Department of Corrections (DOC) has an Administrative Remedy Procedure which governs the filing of grievances in each of its correctional facilities. The DOC's Administrative Remedy Procedure provides that "any aggrieved inmate may submit a written grievance . . . ." DOC ARP § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described Step One of the grievance process, he or she may request relief from the Facility Superintendent. DOC ARP § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described Step Two of the grievance process, he or she may appeal to the Secretary of Correction through the Inmate Grievance Examiner (IGE). DOC ARP § .0310(c)(1). The decision by the IGE or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. DOC ARP § .0310(c)(6).

In his Complaint, Plaintiff asserts that he was forced to work at the laundry facility during a three-week period in April 2008. Plaintiff also asserts that in August 2008, he was denied merit time that he had allegedly been promised. Attached to his Complaint, Plaintiff enclosed a Step One grievance form dated August 29, 2008, which was denied on September 8, 2008. Plaintiff signed his Complaint that same day – September 8, 2008. Given that Plaintiff signed his Complaint the same day Step One of his grievance process was denied leads this Court to conclude that Plaintiff cannot have fully exhausted his administrative remedies. This conclusion is supported by the fact

that Plaintiff only attached a copy of the results of step one of the grievance procedure to his Complaint.[1]

Plaintiff should note that this dismissal is without prejudice and he may choose to exhaust his administrative remedies and then refile his Complaint as a new case. However, if Plaintiff did in fact exhaust his administrative remedies prior to September 8, 2008, he may file a motion to reconsider in this case with copies of all of his grievance results attached.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

Signed: September 24, 2008

Graham C. Mullen
United States District Judge

---

[1] In Anderson v. XYZ Correctional Health Servs. Inc., 407 F.3d 674 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit held that the PLRA's exhaustion requirement does not impose a heightened pleading requirement on an inmate. Id. at 683. The Fourth Circuit, however, held that a court could sua sponte dismiss a complaint for failure to exhaust if failure to exhaust is evident from the face of the complaint or if it has given the plaintiff an opportunity to address the issue. Id. at 682-83. Here, Plaintiff's failure to exhaust is evident on the face of the Complaint.